Johnson, J.
The cases of Richbourg v. West, 1 Hill, 309, and Mazyck & Bell v. Coil, ibid, 311, note (a), are full upon the points, that the arrest of a defendant upon a ca. sa., is prima facie a satisfaction of the debt, so long as the defendant remains in custody, and that the plaintiff cannot proceed upon his fi. fa., as long as he is custody under the ca. sa. It is very clear therefore, that Holly has no right to the fund in eourt, for he has the body of his debtor in satisfaction of his debt. 1 think it is equally clear, that the sheriff has no right to the fund. At common law, *423 «cither the sheriff nor the plaintiff were bound to provide for a debtor in execution; he was obliged to “starve in the name of God,” unless he was able to maintain himself, or his friends would do it for him. At the common law therefore, the sheriff had no right to look to the debtor in execution, for his subsistence, unless upon a contract to pay, and there is no act of our Legislature which gives him any remedy against the debtor. The Act of 1817, gives the sheriff a remedy against the plaintiff, in case of the inability or refusal of the defendant to pay the fees, but that gives him no right against the defendant. I am not prepared to say, that the mere act of accepting subsistence ■at the hands of the sheriff, would not, under the circumstances, raise an implied promise to pay for it, if the debtor was able; hut conceding that it does, that gives him only a right of action, and could not be adjudged in the form of a rule.

The order of the Circuit Court, is therefore reversed.

O’Nealt, & Harper, Is. concurred.